Victoria YOUNGBLOOD, as an individual and as class representative of all similarly situated, Plaintiff—Appellant,

v.

Michael J. ASTRUE, Commissioner, Social Security Administration, Defendant—Appellee.

No. 06–56490.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2008.*

Filed June 5, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Irving Meyer, for Plaintiff–Appellant.

Keith M. Staub, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: NOONAN, W. FLETCHER, and GOULD, Circuit Judges.

MEMORANDUM **

Victoria Youngblood has worked for the Social Security Administration ("SSA") at the Los Angeles Teleservice Center ("LATC") since 1983. In December 2004, she filed a complaint under Title VII of the Civil Rights Act of 1964, alleging that the hiring practices of the SSA in southern California subjected her, and other employees at the LATC, to disparate treatment and disparate impact discrimination on account of their race. Youngblood now appeals the district court's denial of her motion to certify a conditional class and grant of summary judgment for the SSA on her individual claims. We affirm the district court on both issues.

As described in the district court's careful and thorough opinion, Youngblood's complaint offered no reason to believe that common questions of law or fact existed among numerous class members, that these common questions predominated over individual issues, or that a class action was a superior vehicle for resolving them. *See* Fed.R.Civ.P. 23(a)–(b). Youngblood's vague and conclusory allegation that an open hiring process was administered to produce "a significantly discriminatory impact" fails to identify a specific act, policy, or practice on the part of the SSA that would give rise to a common claim by numerous

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

LATC employees. The fact that Youngblood submitted five statements by other African–American employees who claim to have been denied transfers or promotions under varied circumstances does not cure this deficiency. We agree with the district court that Youngblood did not meet her burden of demonstrating that class certification was appropriate under Rule 23. *See Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir.2001).

■ Youngblood also failed to demonstrate a genuine issue of material fact regarding her individual claims of disparate treatment and disparate impact discrimination. Youngblood pointed to several positions for which she was not hired despite being qualified, and which were later filled by individuals who were not African American. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). With regard to each position, the SSA offered a nondiscriminatory reason for its hiring decision. *See id.* Youngblood failed to introduce any evidence to show, or argue in opposition to summary judgment, that these reasons were pretextual. *See id.* at 804, 93 S.Ct. 1817. The district court was therefore correct to refuse to proceed on Youngblood's disparate treatment claim. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 509–11, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Although Youngblood argued that SSA managers made hiring decisions based on familiarity with applicants, she failed to introduce evidence establishing such a policy or practice. Moreover, even had Youngblood demonstrated such a policy or practice, she failed, as the district court noted, "to supply any admissible or reliable evidence showing how the policy adversely impacts African–Americans." Therefore, the district court correctly

granted summary judgment in favor of the SSA on Youngblood's disparate impact claim.

AFFIRMED.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.